**SO ORDERED.**

**SIGNED this 14th day of February, 2012.**



Janice Miller Karlin
United States Bankruptcy Judge

___

In the United States Bankruptcy Court
for the District of Kansas

| | | |
|---|---|---|
| In re, | ) | |
| | ) | |
| Bruce Kevin Williams and | ) | Case No. 09-41548 |
| Candice Sue Williams, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Bruce Kevin Williams and | ) | |
| Candice Sue Williams, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-7060 |
| | ) | |
| BAC Home Loans Servicing, L.P.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion and Order Granting**

---

[1] The caption in the Complaint named only one defendant, "BAC Home Loans Servicing, L.P.," but in the body of the Complaint, Plaintiffs indicated "defendant is a wholly owned subsidiary of Bank of America." In reply to BAC Home Loans Servicing, L.P.'s Motion for Summary Judgment, Plaintiff added the following language to their caption "n/k/a Bank of America, N.A." There has been no motion to change the name of the party-defendant, and no pleading filed by Defendant has added the language. Accordingly the Court uses the same caption originally used by Plaintiffs.

**Defendant's Motion for Summary Judgment**

This case involves an attempt by Plaintiffs, Bruce and Candice Williams, to have the loan they intended to be secured by a second mortgage on their home deemed unsecured and the accompanying mortgage found unenforceable. The basis for their claim is that the note was made in favor of one entity and the mortgage in favor of a different entity. They contend this results in an irrevocable split of the two instruments, making the note unsecured, and the mortgage unenforceable. The Defendant, BAC Home Loans Servicing, L.P. ("BAC Home Loans Servicing"), has moved for summary judgment claiming that no such split ever occurred, and that it has authority to enforce the note and the mortgage. Because there are no disputed material issues of fact, and for the reasons set forth below, the Court grants summary judgment to BAC Home Loans Servicing.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

**I.   Findings of Fact**

In 2003, the Williamses executed a Home Equity Credit Line Agreement and Disclosure Statement ("note") in the amount of $20,000 to Countrywide Home Loans, Inc. ("Countrywide"). To secure repayment of that sum, the Williamses executed a second mortgage on their home. That mortgage clearly identifies Countrywide as the

2

mortgagee, although the Williamses stated in their Complaint, without more, that Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee.[2]

Countrywide later endorsed the note in blank. Possession of the note, with the blank endorsement, was transferred to BAC Home Loans Servicing.[3] BAC Home Loans Servicing was merged into Bank of America, N.A. ("Bank of America") in July, 2011, and Bank of America is thus the successor to BAC Home Loans Servicing.[4] Bank of America currently has possession of both the original note and mortgage, notwithstanding the Williamses' wholly unsupported denial of this fact.[5] Bank of

---

[2] The Williamses no longer claim MERS was the original (or subsequent) mortgagee, or explain why they alleged that fact in the first instance.

[3] In its Memorandum in Support of its Motion for Summary Judgment, BAC Home Loans Servicing claims that Countrywide sold the loan to BAC Home Loans Servicing. In support of this assertion, BAC Home Loans Servicing relies on the affidavit of Katherine Cacho. Ms. Cacho's affidavit, however, actually states that Countrywide changed its name to BAC Home Loans Servicing, not that Countrywide sold the loan to BAC Home Loans Servicing. However, this apparent inconsistency in the precise manner the note was transferred from Countrywide to BAC Home Loans Servicing is immaterial for purposes of this motion. The outcome would be the same under either scenario.

[4] In this Memorandum, the Court will therefore treat BAC Home Loans Servicing and Bank of America as the same entity, since all parties have elected to do so.

[5] The Williamses' only attempt to controvert this statement of fact is the affidavit of Mrs. Williams, where she attempts to show that Fannie Mae may own the note, and by excerpts from a hearing transcript from a wholly unrelated proceeding in New Jersey conducted in August 2009 concerning the sale, transfer, and custody of a note and mortgage relating to property at issue in that New Jersey case. The Williamses also cite generally to the conclusion of a Conditional Approval of the merger between BAC Home Loans Servicing and Bank of America, in which the Comptroller of the Currency conditionally approved the merger of those two entities subject to additional approval by the FDIC. Nothing presented by the Williamses comes close to contradicting (or creating a factual dispute about) the direct evidence presented by BAC Home Loans Servicing. The Williamses make no effort to show that the procedures followed by Countrywide and/or Bank of America in the 2009 New Jersey case were followed by the parties in relation to the note and mortgage at issue in this case. And even if they were followed, that fact would not contradict Ms. Cacho's assertion that Bank of America currently holds both the note and the mortgage, some two years after the hearing in New

3

America's claim that it has possession of the note and mortgage is supported by the affidavit of Ms. Cacho and by supporting documents, including a copy of both the note—with the blank endorsement—and the mortgage.

In September, 2009, the Williamses filed a Chapter 7 bankruptcy, which was later converted to Chapter 13. In their sworn schedules, they identified Bank of America as the creditor holding a $20,000 claim secured by a mortgage on their home. After a change of heart, they filed this adversary proceeding contesting the claim of Bank of America. Their Complaint alleges that Bank of America "claims interest in the real estate is subject to a second lien arising out of a mortgage in favor of Mortgage Electronic Registration Systems, Inc. in the amount of $20,000."[6] The Williamses further allege that "Mortgage (sic) Registration Systems, Inc. holds the mortgage, but not the promissory note."[7] They then claim that "[t]he interest in the note and mortgage are held by two separate and distinct parties and result in an unsecured debt in favor of [Bank of America] pursuant to K.S.A. 58-2323."[8] As a result of these alleged facts, the Williamses then ask the Court to find that Bank of America's claim under the

---

Jersey. In addition, the fact that Fannie Mae may own the beneficial interest in the note is irrelevant to the issue of whether Bank of America is entitled to enforce the note, as will be discussed more fully below. Finally, the Williamses make no attempt to explain how the conditional approval of the merger between BAC Home Loans Servicing and Bank of America by the Comptroller of the Currency in any way contradicts the fact that Bank of America is the current holder of the note and mortgage.

[6] Adversary Complaint ¶ 9. There is apparently some typographical error, as this sentence is difficult to understand.

[7] *Id.* at ¶ 11.

[8] *Id.* ¶ 13.

4

note is unsecured and that the mortgage—allegedly held by MERS—should be cancelled when Plaintiffs receive their discharge.

Defendant's summary judgment motion simply argues that the Williamses' complaint must fail, as a matter of law, because the mortgage was never issued in favor of MERS and was thus never "separated" from the Note. In addition, Bank of America demonstrates that it is the current holder of the note, which has been endorsed in blank. Under those facts, Defendant claims it is entitled to enforce the note and the mortgage pursuant to Kansas law.

Additional facts will be discussed below, when necessary.

## II. Standard for Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[9] In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[10] An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[11] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[12]

---

[9] Fed. R. Civ. P. 56(c). Fed. R. Civ. P. 56(c) is made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056.

[10] *Lifewise Master Funding v. Telebank,* 374 F.3d 917, 927 (10th Cir. 2004).

[11] *Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[12] *Id.* (citing *Anderson,* 477 U.S. at 248).

5

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[13] In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[14]

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[15] To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[16]

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[17]

---

[13] *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[14] *Id.* (citing *Celotex,* 477 U.S. at 325).

[15] *Id.* (citing Fed. R. Civ. P. 56(e)).

[16] *Diaz v. Paul J. Kennedy Law Firm,* 289 F.3d 671, 675 (10th Cir. 2002).

[17] *Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**III.  Because the involvement of MERS is central to Plaintiffs' claim, and because MERS was never a party to this loan, Plaintiffs' Complaint fails to state a claim.**

Defendant contends that it is entitled to judgment because the Williamses' complaint fails to establish a basis for finding that it is not a secured creditor. The Complaint, which has never been amended, clearly sets out one, and only one claim—that the note and mortgage were irrevocably split when the note was issued in favor of Countrywide and the mortgage was issued in favor of MERS. The uncontroverted evidence, however, clearly establishes that both the note and the mortgage were issued in favor of Countrywide. MERS was never involved in this loan. Therefore, the Williamses' only claim fails because the factual basis upon which it is built is completely baseless.

**IV.  Because Defendant is the holder of the note under Kansas law, it may enforce the note even though it may not be the beneficial owner.**

Although never mentioned in their Complaint, the Williamses appear to have changed the entire basis for their action by raising an entirely new claim in response to the motion for summary judgment. They now claim that the beneficial interest in the note may have been sold to the Federal National Mortgage Association ("FannieMae") and because FannieMae is now the true owner of the note, Bank of America, as its servicer, has no interest to enforce.

But this Court has previously held that an entity that qualifies as a holder of a negotiable instrument (such as the note in this case) is entitled to take action on that

7

instrument even if it is not the owner of the beneficial interest in the note.[18] As fully discussed in *Martinez*, the note in this case is a negotiable instrument,[19] and, as such, is subject to Article 3 of the Kansas Uniform Commercial Code ("UCC").[20]

Under the UCC, an instrument may be enforced by "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or © a person not in possession of the instrument who is entitled to enforce the instrument pursuant to K.S.A. 84-3-309 or 84-3-418(b)."[21] Further, a person is "entitled to enforce the instrument even if the person is not the owner of the instrument or is in wrongful possession of the instrument."[22] "Holder means a person who is in possession of . . . an instrument . . . issued or indorsed to the person or the person's order or to bearer or in blank."[23] "[A] person who is a holder remains a holder although that person has made an assignment of a beneficial interest therein."[24] "Consequently, the payee in possession of a note is the holder and may bring suit on the note even though

---

[18] *See Martinez v. MERS (In re Martinez)*, 455 B.R. 755 (Bankr. D. Kan. 2011).

[19] K.S.A. 83-3-104 (Supp. 2010).

[20] K.S.A. 84-1-101 *et seq.*

[21] K.S.A. 84-3-301 (1996).

[22] *Id.*

[23] K.S.A. 84-1-201 (Supp. 2010).

[24] 1 Anderson U.C.C. § 1-201:259 (3d. ed. 2010).

8

the payee had already assigned the note as the holder of an instrument whether or not he is the owner may . . . enforce payment in his own name."[25]

Based upon the clear provisions of the UCC, Bank of America is entitled to enforce the note against the Williamses upon a showing that (1) the note is made payable to Bank of America or is endorsed in blank, and (2) Bank of America remains in possession of the note. The fact that Bank of America may no longer be the beneficial owner of the note is immaterial as to its ability to enforce the note.[26] The Williamses make no attempt to distinguish *Martinez* or argue it is wrongly decided; they simply ignore it. The Court believes it was and remains a correct statement of the law.[27]

Bank of America has submitted evidence through the affidavit of Katherine Cacho that it currently holds both the note and the mortgage in this case. In addition, the affidavit by Ms. Cacho indicates the note is signed in blank, which is consistent

---

[25] *Id.* (citing *Edwards v. Mesch*, 763 P.2d 1169 (N.M. 1988)). The UCC does not distinguish between whether the "holder" is the holder for his or her own use and benefit or whether the holder holds as a fiduciary for another. The holder is entitled to sue on the instrument regardless whether it is entitled to keep the proceeds, and this is true even though the holder does not have any express authorization from the beneficial owner of the paper to bring suit. *Id.* at § 3-301:7 (internal citations omitted).

[26] *See In re Hwang*, 396 B.R. 757 (Bankr. C. D. Cal. 2008), *overruled on other grounds* 438 B.R. 661 (C.D. Cal. 2010) (holding that party who was still in possession of original mortgage note made payable to that party was entitled to enforce the mortgage note despite the fact the beneficial interest in the note had been sold to a third party).

[27] *See also, Meis v. Fowler State Bank (In re Meis)*, 2011 WL 6148654, *4 (Bankr. D. Kan. 2011) (holding that as long as the defendant had possession of the note that was endorsed in blank, it had the authority to enforce the note regardless of whether it was the beneficial owner) and *Miller v. Deutsche Bank National Trust Company (In re Miller)* ___ F.3d ___, 2012 WL 286865, *5-6 (10th Cir. 2012) (noting that under Colorado law, which is similar to Kansas law in this regard, an entity in possession of a note endorsed in blank has the authority to enforce that note).

with the copy of the note submitted in support of the summary judgment motion. Therefore, based on the reasoning set forth above and in the *Martinez* decision, Bank of America is entitled to enforce the note and the mortgage in this case.

The outcome of this case is not altered by the recent opinion by the Tenth Circuit Court of Appeals in *Miller v. Deutsche Bank National Trust Company (In re Miller)*.[28] In *Miller*, the debtor contested Deutsche Bank's ability to enforce a note and mortgage. The debtor claimed, at least in part, that Deutsche Bank did not qualify as a holder of the note and questioned whether Deutsche Bank had actual possession of the original note. The Circuit found that although Deutsche Bank had "offered proof that IndyMac assigned the Note in blank, it elicited no proof that Deutsche Bank in fact obtained physical possession of the original Note from IndyMac, either voluntarily or otherwise."[29] As a result, the Court held that Deutsche Bank had "failed to show that it is the current holder of the Note."[30]

In this case, Bank of America has presented evidence, though the affidavit of Ms. Cacho, that Bank of America has actual possession of the note and is the holder of the note. The Williamses nominally contest this fact in their response,[31] but their references to exhibits that purportedly support their denial simply fail to address this

---

[28] ___ F.3d ___, 2012 WL 286865 (10th Cir. 2012).

[29] *Id.* at 6.

[30] *Id.*

[31] *See* Memorandum in Support of Plaintiffs' Reply in Opposition to Defendant's Motion for Summary Judgment (Doc. 45) at 1-2.

10

statement. Furthermore, their denial is inconsistent with another argument they make—that"the practice of Countrywide and continuing into the practice of the Defendant, <u>the possession of the loan and mortgage remained with Defendant</u>, its predecessor, and/or its successor, despite transfer to another."[32]

The issues raised in support of their claim against Bank of America are (1) that the mortgage and note were irrevocably split because the note was made in favor of Countrywide and the mortgage in favor of MERS and (2) that the note has potentially been sold to Fannie Mae.[33] Because Bank of America is the holder of the original note and the Williamses have never properly disputed that fact, the Court finds that *Miller* is distinguishable from this case.[34]

## IV. Conclusion

BAC Home Loans Servicing, L.P. or its successor in interest, Bank of America, is entitled to summary judgment. The allegation that the note and the mortgage were

---

[32] *Id.* at 3-4 (emphasis added).

[33] The Court again notes that this second argument was never included in any complaint, and is thus not properly before the Court. The Williamses do raise one final argument that "the Defendant may have [a] number of names it is calling itself these days." This argument is based solely on the transcript from the New Jersey proceeding in which an employee of Bank of America made a comment in which she claimed temporary confusion over whether her employer was Countrywide or Bank of America. The Court finds this argument completely meritless on the basis that (1) the witness herself clarified that the company was Bank of America during that hearing and (2) the hearing in question took place over two and one-half years ago, and is in no way proof that the Defendant may go by different names at this time.

[34] The parties sought, and received, over four months to conduct discovery, and then sought and received an extension of another five months to complete discovery. *See* Doc. 31. Discovery has expired, without any suggestion by Plaintiffs that they have been deprived of the right or ability to confirm the sworn statement that Defendant is in possession of the originals of these documents.

11

split at their inception is simply not supported by any evidence. Instead, the undisputed evidence is that the note and mortgage were both made in favor of Countrywide and subsequently transferred to Bank of America. In addition, Bank of America has produced sworn and uncontroverted evidence establishing it is the holder of the note under Kansas law, and as such has the right to enforce the note, and thus the mortgage.

**It is, therefore, by the Court ordered** that Defendant's Motion for Summary Judgment is granted.

###